**In re James M. & Judith E. COLLINS, III, Debtors.**

**Bankruptcy No. 82–00032–BKC–TCB.**

United States Bankruptcy Court, S. D. Florida.

March 4, 1982.

Reggie David Sanger, Fort Lauderdale, Fla., for debtors.

Irving Gennet, Boca Raton, Fla., Trustee.

## ORDER OF DISMISSAL

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 13 petition was filed on January 8. A confirmation hearing was held on March 2.

Before bankruptcy, the debtors' home was in foreclosure and a decree had been entered for $17,742, but the automatic stay, 11 U.S.C. § 362(a), forestalled the sale. The purpose of this petition is, of course, to frustrate the foreclosure. By their amended plan, the debtors propose to pay the decreed lien, together with 12 percent interest, over a period of five years through monthly payments. The debtors calculate the mortgagee would receive $411.53 a month under this plan.

The debtors have one other creditor, an unsecured claim of $3,500. The plan offers $525 to this creditor to be paid in monthly payments over five years, simultaneously with the payments proposed for the mortgagee. This creditor would receive $8.75 a month.

The debtor husband is unemployed but expects to start work soon. His wife anticipates part-time employment. Between them, they hope to net $1,086 a month from their anticipated employment after meeting their anticipated living expenses of $784. The plan proposes payment of $816 a month to the trustee.

The plan has been rejected by the mortgagee. It is also opposed by the trustee.

Section 1322(c) provides:

"The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years."

The legislative history is silent as to what might constitute sufficient "cause" for this

purpose. I resist the temptation to speculate on this point, because the debtors have offered no cause and I see none. Approval of an extended plan is denied.

Section 1322(b) provides that:

"... the plan may (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims."

Clearly the mortgagee's right to proceed now to foreclosure sale and thus satisfy its $17,742 foreclosure decree would be substantially modified by a proposal to satisfy the decree in monthly payments over the next five years. The debtors concede that the property is worth at least $35,000. I take notice of the fact that current mortgage interest rates in this area exceed 16 percent. The plan does not even provide that the mortgagee would retain its lien. § 1325(a)(5)(B)(i).

The debtors argue that § 1322(b)(2) is not applicable here because their mortgage lien was replaced by a judgment lien when a foreclosure decree was entered. They take comfort from a colleague's decision in *Matter of Garner*, 13 B.R. 799, 4 CBC2d 1417 (Bkrtcy.S.D.N.Y.1981). In that case, the mortgagee's claim exceeded its security by $8,073 and my colleague concluded that modification of the unsecured portion of the claim through a chapter 13 plan was not precluded by § 1322(b)(2). The holding has no application here. I reject the debtors' argument. The mere fact that the amount of a mortgagee's lien has been fixed by decree in foreclosure does not deprive the mortgagee of his status as a secured creditor. The proposed modification of the mortgagee's rights in this case is completely unauthorized. For this reason, the plan does not comply with the provisions of § 1322(b)(2).

I am also unable to find that the debtors, whose future income is at this point almost completely speculative, will be able to make all payments under the plan.

It follows that confirmation must be denied under § 1325(a)(1), (5) and (6).

The court's notice of February 12 (C.P. No. 6) gave notice to all parties that the court would consider conversion of this case or dismissal on request of any party in interest made either before or at the hearing. At the hearing, both the mortgagee and the trustee requested dismissal. The debtors have advised the court that they would request conversion to chapter 11 if confirmation were denied.

The debtors have not requested additional time to file another chapter 13 plan and I would grant none. There is no rational prospect of a viable plan for these debtors. This case must, therefore, either be dismissed or converted under § 1307(c)(4).

Conversion of a chapter 13 case to chapter 11 may be authorized by the court, § 1307(d), but plainly such conversion is not a matter of right as is conversion to chapter 7. § 1307(a).

The application to convert to chapter 11 is denied because it would be an abuse of this court's equitable discretion to deprive this mortgagee further of his contractual and statutory remedy while this debtor seeks a second chance to present a plan to pay $17,742 which he could only hope to get through the sale or refinancing of his property. He had that opportunity before bankruptcy. He has had that opportunity for the two months this case has already been pending, and he will continue to have that opportunity in the State court by exercising his statutory right of redemption.

Accordingly, the petition is dismissed. Dismissal is with prejudice to the filing of any other bankruptcy petition for relief earlier than six months after the entry of this order. The foregoing restriction, which is authorized by B.R. 13–112(d), is imposed to prevent the immediate refiling of a petition which would again automatically stay all creditors, an abuse of the Code which others have resorted to in this court.